UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HUNT,

                Plaintiff,

-vs-                                                      Case No.  8:05-cv-1090-T-24TBM

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT, SEROLOGY SECTION, AND
BRIAN HIGGINS,

                Defendants.
_____

## **ORDER**

      Pro se prisoner Plaintiff filed a civil suit for damages against the above-named Defendants alleging that the DNA results performed by the "Florida Department of Law Enforcement Serology Section and Brian Higgins, Lab Technician" were inaccurate, faulty and flawed.  He alleges that although the results were flawed, the tests were admitted as evidence against him and caused him to be held in the Hillsborough County Jail for thirty-three months.

      Plaintiff submitted documents that contain his case number, 2002-CF-014756 (State v. Michael Harrison Hunt).  In that case, on which he is being held, and in which the tests allegedly were used as evidence to hold him for trial, Hunt is charged with sexual battery and unlawful sexual activity with a minor, both of which are second degree felonies.  He has pled not guilty and is scheduled for a pretrial hearing on August 18, 2005.

      A review of the complaint and the attachments to the complaint demonstrates that this case must be dismissed as premature.

DISCUSSION

Under Heck v. Humphrey, 512 U.S. 477, 487 (1994), a prisoner may not bring a claim for damages under a civil suit "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Where the success in a prisoner's damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence. Plaintiff has not done so. Therefore, his claims have not yet accrued in this Court.

Accordingly, the Court orders:

1. That Plaintiff is assessed the $250.00 filing fee. The Clerk is directed to send Plaintiff two copies of the Consent To Lien and Financial Affidavit forms. Plaintiff shall deliver one copy to Inmate Accounting at the jail where he is incarcerated and shall notify this Court, within 20 days of the date of this order, that he has done so.

2. That Plaintiff's complaint is dismissed, as premature, and without prejudice, under Heck v. Humphrey. The Clerk is directed to enter judgment against Plaintiff and to close this case.

ORDERED in Tampa, Florida, on June 16, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Michael Hunt

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HUNT,

                Plaintiff,

v.                                                        Case No.  8:05-cv-1090-T-24TBM

FLORIDA  DEPARTMENT  OF  LAW  ENFORCEMENT,
SEROLOGY SECTION, AND BRIAN HIGGINS,

                Defendants.
_____/

**PRISONER CONSENT FORM
AND FINANCIAL CERTIFICATE**

       I, MICHAEL HUNT,  Plaintiff in the above-entitled action, understand that:

1.      If I submit a **civil complaint** (for example, a civil rights action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331), pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), **I must pay the $250.00 filing fee in full**.  This means that, regardless of the Court's disposition of my case (which may include dismissal), I AM STILL OBLIGATED TO PAY THE ENTIRE $250.00 FILING FEE; and

2.      I must request that an authorized official at my present place of confinement complete the Financial Certificate below and attach a computer printout reflecting all transactions in my prison account for the six month period preceding the filing of my complaint.  If I have not been incarcerated at this institution for six months, I must also obtain account printout(s) **from each penal facility** at which I may have been confined during the relevant six month period and provide the printout(s) to the authorized official completing my Financial Certificate.  If I fail to provide printouts for the entire six month period or do not satisfactorily explain my inability to do so to the Court, my motion to proceed *in forma pauperis* may be denied and/or my case may be **dismissed without further notice**; and

3.      The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to forward to the Court an initial partial filing fee, which shall be 20% of my average monthly balance (line #2 of the Financial Certificate, below) or the average monthly deposits to my account (line #3 of the Financial Certificate, below), whichever is greater; and

4.      The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to make additional monthly payments from my account until the balance of the required $250.00 filing fee is paid.  These additional monthly payments will be equal to 20% of all of the preceding month's deposits to my account.  Institution officials shall submit these monthly payments directly to the Court whenever the funds in my account exceed $10.00 until the full filing fee is paid.

_____        _____
    **Signature of Prisoner**                                               **Date**

_____        _____
    **Prisoner's Name (print)**                                       **Prisoner Number**

# **FINANCIAL CERTIFICATE**

(To Be Completed by Authorized Penal Official)

COMPUTER PRINTOUT(S) REFLECTING ALL TRANSACTIONS IN THE
INMATE'S PRISON ACCOUNT(S) FOR THE PRECEDING SIX MONTHS **MUST** BE ATTACHED

1. CURRENT ACCOUNT BALANCE                                             _____

2. AVERAGE MONTHLY BALANCE FOR PRECEDING SIX MONTHS   _____

3. AVERAGE MONTHLY DEPOSITS FOR PRECEDING SIX MONTHS _____

4. INITIAL FILING FEE: 20% of the greater of #2 or #3                  _____
    (Subject to verification by the Court.)

\*       It is the inmate's responsibility to obtain the required printout(s) from each institution at which the inmate may have been confined during the preceding six months and to provide them to the official completing this form.

If printouts or the above calculations do not represent the preceding six month period in its entirety, the official completing this form should explain here:

**I hereby certify that, as of this date, the above information for the prison account of the inmate named herein is correct.**

_____       _____
**Signature of Authorized Official**                                  **Date**